IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD KYLE REEVES, #255 472, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-825-WHA |
| | ) | [WO] |
| DOCTOR TAHIR SIDDIQ, | ) | |
| | ) | |
| Defendant. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Richard Reeves, an inmate incarcerated at the Bullock Correctional Facility ("Bullock") in Union Springs, Alabama, files this *pro se* 42 U.S.C. § 1983 action alleging a violation of his Eighth Amendment right to adequate medical care and treatment. The named defendant is Dr. Tahir Siddiq. Reeves requests injunctive relief and damages. Doc. 1.

Dr. Siddiq argues that Reeves' complaint against him is due to be dismissed because Reeves failed to exhaust an administrative remedy available to him through the prison system's medical care provider prior to the initiation of this case. Docs. 16 at 6–7 & 16-2. Dr. Siddiq bases his exhaustion defense on Reeves' failure to follow the available required administrative procedures at Bullock regarding the claims presented. Doc. 16 at 6–7. In addition, Dr. Siddiq maintains, and the evidentiary materials—including Reeves' medical records—indicate that Reeves received appropriate medical treatment during the time relevant to the matters alleged in the complaint. Doc. 16-1 & 16-3.

The court provided Reeves an opportunity to file a response to Dr. Siddiq's special report in which he was advised, among other things, to "specifically address Defendant's argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)

of the Prison Litigation Reform Act ("PLRA")." Doc. 23 at 1 (footnote omitted). The order advised Reeves that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 17 at 3. This order further cautioned Reeves that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a [dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." Doc. 17 at 3. Reeves has not filed a response to Dr. Siddiq's report.

The court will treat Dr. Siddiq's special report as a motion to dismiss regarding the exhaustion defense and resolve this motion in his favor. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dept. of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (affirming district court's construing of a defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## I. STANDARD OF REVIEW

### A. Exhaustion

In addressing the requirements of 42 U.S.C. § 1997e about exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dep't.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id.* at 534.

## II. DISCUSSION

Reeves challenges the medical care he received for an injury to his right foot in September of 2017. Doc. 1. In response to this claim, Dr. Siddiq asserts that the case may be dismissed against him because Reeves did not properly exhaust the administrative remedy provided by the institutional medical care provider prior to filing this complaint, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Doc. 16 at 6–7. As explained above, federal law

3

directs this court to treat Dr. Siddiq's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion," which

> demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

*Woodford*, 548 U.S. at 90–93. The Supreme Court explained that an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise

4

procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him." *Id.* at 83–84; *Bryant*, 530 F.3d at 1378 (holding that prisoners must "properly take each step within the administrative process" to exhaust administrative remedies in accordance with the PLRA); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

In support of his motion to dismiss for failure to exhaust administrative remedies, Dr. Siddiq has submitted an affidavit from Jessica Duffell, the Health Services Administrator at Bullock. Duffell affirms that Bullock has a grievance procedure for inmate complaints related to the provision of medical treatment at the facility, and inmates may utilize this administrative remedy to voice complaints regarding any medical treatment sought or received during their incarceration. The grievance process is initiated when an inmate submits a medical grievance form to the Health Services Administrator ("HSA") or the Director of Nursing ("DON") through the institutional mail system. The HSA or her designee reviews and answers the grievance within ten (10) days of receipt of the medical grievance.[1] The second step of the grievance process is the submission of a medical grievance appeal, at which time the inmate may be brought in for a one-on-one communication with a provider on the medical staff, the HSA, or the DON. A written

---

[1] The written response to a medical grievance is included on the bottom portion of the form containing an inmate's medical grievance. Doc. 16-2 at 5.

5

response to the medical grievance appeal is provided to the inmate within approximately ten days of receipt. Doc. 16-2 at 5–6.

At the time of the actions about which Reeves complains, Duffell, as HSA at Bullock, handled inmate grievances regarding their medical care. She affirms that Reeves never submitted any medical grievances or medical grievance appeals regarding any issues about his medical care and treatment during his incarceration at Bullock. Doc. 16-2 at 5–6.

The court granted Reeves an opportunity to respond to the exhaustion defense raised by Dr. Siddiq in his motion to dismiss. Reeves has filed no response. The court, therefore, finds that a grievance system is available at Bullock for Reeves' claims, but he failed to exhaust the administrative remedy available to him. The unrefuted record before the court demonstrates that Reeves failed to exhaust the administrative remedy available to him at the institution regarding his allegation of inadequate medical care prior to seeking federal relief, a precondition to proceeding in this court on his claims. Dr. Siddiq's motion to dismiss for failure to exhaust is due to be granted. *Woodford*, 548 U.S. at 87–94.

### III.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion to dismiss (Doc. 16) be GRANTED to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to exhaust an administrative remedy prior to filing this case;

2. This case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy before seeking relief from this court.

3. No costs be taxed.

It is further ORDERED that **on or before June 19, 2018**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 5th day of June, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE